a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ERIC BEVERLY #13934-479,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-00066<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| FEDERAL BUREAU OF PRISON,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a civil Complaint filed by pro se Plaintiff Eric Beverly ("Beverly") asserting claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)[1], 42 U.S.C. § 1983, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. ECF Nos. 1, 6. Beverly is incarcerated at United States Penitentiary in Pollock, Louisiana ("USP-P"). He seeks damages for injuries allegedly sustained following an operation.

Because Beverly fails to state a viable claim under *Bivens* and § 1983, those claims should be DENIED and DISMISSED WITH PREJUDICE. Because the Court lacks jurisdiction over Beverly's FTCA claim, it should be DISMISSED WITHOUT PREJUDICE.

---

[1] In *Bivens*, the United Sates Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by § 1983. *Id.*

1

I.  Background

Beverly was transported to Christus St. Francis Cabrini Hospital in Alexandria, Louisiana, for surgical repair of a fractured finger.  ECF No. 1-2 at 3.  According to medical records attached to Beverly's Complaint, Dr. Michael Leddy performed the operation on November 22, 2023.  *Id.*  Less than three months after surgery, Beverly was diagnosed with a malunion[2].  ECF No. 1-2 at 6.

II.  Law and Analysis

  A.  Beverly's Complaint is subject to preliminary screening.

Because Beverly is suing officers or employees of a governmental entity and proceeding *in forma pauperis*, his Complaint is subject to preliminary screening under 28 U.S.C. § 1915A and § 1915(e)(2).  Both statues provide for sua sponte dismissal of a complaint, or any portion thereof, if a court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

  B.  Beverly fails to state a claim under § 1983.

"Section 1983 provides a claim against anyone who 'under color of any statute, ordinance, regulation, custom, or usage, of any State' violates another's constitutional rights.'"  *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (quoting 42 U.S.C. § 1983).  "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'"  *Id.*

---

[2] A malunion occurs when a fracture heals in the wrong position.  https://medlineplus.gov

(citing *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

Beverly seeks damages under § 1983 due to alleged negligence by Dr. Leddy. ECF No. 1 at 3. However, he does not allege that Dr. Leddy was acting under color of state law. Rather, he alleges that Dr. Leddy performed the surgery pursuant to a contract between the Bureau of Prisons and the hospital. ECF No. 6 at 3. Because Beverly does not sue a state actor, he fails to state a viable § 1983 claim.

C. **The Court lacks jurisdiction over Beverly's FTCA claim.**

Beverly seeks to hold the Government liable under the FTCA for the alleged negligence of Dr. Leddy during an operation. ECF No. 1. The FTCA allows a person to sue the United States when they are injured by a negligent act or omission of a federal employee acting within the course and scope of their employment. 28 U.S.C. § 1346(b)(1). This limited waiver of the United States's sovereign immunity does not include the acts of independent contractors. *United States v. Orleans*, 425 U.S. 807 (1976). "To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant." *McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) (citing *Atorie Air, Inc. v. Fed. Aviation Admin.*, 942 F.2d 954, 957 (5th Cir. 1991)).

First, Beverly does not name the United States as the Defendant. Furthermore, Beverly does not allege that Dr. Leddy is a federal government employee. He acknowledges that Dr. Leddy is a "contractor for services." ECF No. 1 at 4. The Government affirmed that Dr. Leddy is not employed by the Bureau of Prisons when it denied Beverly's tort claim. Dr. Leddy is a contract provider at a

3

local hospital. ECF No. 1-2 at 1. Because Dr. Leddy is not a government employee, the United States is immune from suit for his actions.

In his Amended Complaint (ECF No. 6), Beverly also alleges that other unknown medical employees at USP-P were negligent in diagnosing the malunion after surgery. ECF No. 6 at 3. However, Beverly did not present that allegation in his administrative tort claim. "Under the FTCA, no damages action may be instituted against the United States 'unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing' or been left undecided for six months." *Hinojosa v. U.S. Bureau of Prisons*, 506 F. App'x 280, 282 (5th Cir. 2013) (quoting § 2675(a)). "The requirement is jurisdictional and cannot be waived." *Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016) (quoting *Emps. Welfare Comm. v. Daws*, 599 F.2d 1375, 1378 (5th Cir. 1979)). Because Beverly did not present the claim regarding the delay in diagnosing a malunion in his administrative tort claim, it is unexhausted.

### D.  Beverly fails to state a *Bivens* claim.

Beverly also alleges a deprivation of constitutionally adequate medical care under *Bivens*. A *Bivens* claim is "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001).

In *Bivens*, the Supreme Court recognized a cause of action for money damages under the Fourth Amendment where federal agents allegedly "manacled" the plaintiff "in front of his wife and children and threatened to arrest the entire family";

"searched the apartment from stem to stem"; and took him to a federal courthouse where he was "interrogated, booked, and subjected to a visual strip search." *Bivens*, 403 U.S. at 389.

In the next decade, the Supreme Court recognized two other causes of action against federal officers: (1) for sex discrimination against a former congressional staffer in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979); and (2) for a failure to provide an asthmatic prisoner with adequate medical care in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980). Since then, the Supreme Court has not once extended the *Bivens* remedy, and it has declined to do so at least a dozen times. *See Looper v. Jones*, 22-40579, 2023 WL 5814910, at *1 (5th Cir. Sept. 8, 2023) (per curiam) (unpublished) (citing *Egbert v. Boule*, 596 U.S. 482 (2022)).

Prison officials violate the Eighth Amendment if they act with "deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quotation omitted). A prison official acts with deliberate indifference if he is aware of and ignores a serious risk to an inmate's health. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is an extremely high standard." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). A plaintiff must demonstrate that a defendant denied him treatment, purposefully gave him improper treatment, ignored his medical complaints, "or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v.*

5

*Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quotation omitted). Unsuccessful medical treatment, negligence, medical malpractice, disagreement with medical care, or decisions whether to provide additional treatment do not constitute deliberate indifference. *Id.*

Beverly does not allege that Dr. Leddy intentionally treated him incorrectly or ignored his complaints. He alleges Dr. Leddy was negligent, which is insufficient to state a viable constitutional claim.

Nor does Beverly allege deliberate indifference by unknown medical staff members. Beverly received post-operative x-rays of his finger and was examined by an orthopedic specialist on February 2, 2024. ECF No. 6-1 at 1. The orthopedist recommended that Beverly see a hand specialist. *Id.* On June 5, 2024, Beverly was evaluated by a hand and upper extremity surgeon at the Bone and Joint Clinic of Baton Rouge. ECF No. 1-2 at 5. The surgeon did not recommend repeating the same surgical procedure but offered other procedures to improve motion. *Id.* at 6. The physician noted that Beverly was "not inclined to proceed with surgery at this time" and "would like to work on this on his own." *Id.*

Beverly had a follow-up orthopedist appointment less than three months after surgery and saw a hand specialist four months later. He provides only conclusory allegations that there was a delay in care, and that the delay resulted from deliberate indifference of the USP-P medical staff. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (conclusory allegations are insufficient to state a cognizable claim). Beverly offers no allegations or evidence to support his assumption

6

that he could have seen these outside providers—or any other specialist for that matter—any sooner.

### III. Conclusion

Because Beverly fails to state a viable constitutional claim under *Bivens* or § 1983, and the Court lacks jurisdiction over his FTCA claim, IT IS RECOMMENDED that the Complaint (ECF Nos. 1, 6) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915A and 1915(e)(2)(b), except as to the FTCA claim, which should be DISMISS WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, August 5, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE